# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET L. DALTON, | ) |
| | ) |
|                Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 16-2628-JWL |
| NANCY A. BERRYHILL,[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
|                Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se,[2] seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i), and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

[2]The court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for her. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

I.  **Background**

Plaintiff applied for DIB, alleging disability beginning August 30, 2005. (R. 16, 144). She exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff asks the court to review and "to modify the Commissioner of Social Security's decision and to grant retroactive, monthly maximum Social Security disability insurance benefits" to her. (Doc. 8, p.1) (entitled "Response/Brief," hereinafter, Pl. Br.). She argues that her impairments of lichen planus, back and hip pain caused by spine disease, and asthma all cause her disability and that the Administrative Law Judge (ALJ) erred in finding that her impairments are not "severe" within the meaning of the Act at step two of his decision.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

2

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

3

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The ALJ decided this case at step two, finding that Plaintiff did not meet her burden to show that her impairments in combination were "severe" within the meaning of the Act before her date last insured for DIB--September 30, 2013.  Therefore, she did not apply steps three through five of the sequential evaluation process.  The court must determine whether the ALJ applied the correct legal standard to her evaluation, and whether the record evidence supports her decision.

**II.    Discussion**

Plaintiff argues that the ALJ did not accord appropriate weight to the opinions of Mr. Colwell who testified in her behalf at the disability hearing, of her sister, of her friends Ms. Thornton or Ms. Ghilino, or of her neighbor Ms. Burns.  (Pl. Br. 4-5).  Plaintiff points out that the Social Security Notice of Reconsideration (Ex. 3B (R.88-91)), which was dated June 14, 2013 wrongly determined her date last insured was September 30, 2012 and stated that the evidence "shows you currently have a severe condition."  (Pl. Br. 5).  She argues this statement demonstrates the error in the ALJ's determination that her condition was not severe before her actual date last insured--September 30, 2013.  Id.

The Commissioner argues that the ALJ properly found Plaintiff's condition is not "severe" within the meaning of the Act because it had no more than a minimal effect on Plaintiff's ability to perform basic work activities before her date last insured.  She argues that the record evidence supports the step two finding because there is no record evidence of any treatment other than medications for Plaintiff's condition before 2013.  (Comm'r Br. 4) ("prescriptions for topical medications").  She argues that other than a "handful of treatment records, the record is simply devoid of any evidence related to Plaintiff's skin condition during the relevant period," id. at 5, and that "treatment records dated after the date [Plaintiff] was last insured did not support that [she] had a severe impairment during the relevant time period."  Id. at 8-9.  She argues that record medical evidence is "similarly scarce" regarding treatment for Plaintiff's hip and back problems before her date last insured.  Id. at 5-6.  She points to Plaintiff's reported daily activities as further evidence that her impairments are not "severe," and argues that the ALJ properly

discounted Dr. Davis's unsupported opinion of disability. (Comm'r Br. 6-7). Finally, the Commissioner argues that the ALJ properly considered the opinion statements and testimony of Plaintiff's family, friends, and neighbor--and discounted them. Id. at 7-8.

On January 26, 2017 Plaintiff filed a Reply Brief responding to the Commissioner's Brief. (Doc. 12) (entitled "Brief by Plaintiff," hereinafter Reply). Plaintiff takes issue with the Commissioner's statement that her only treatment for her condition before 2013 was prescriptions for topical medications, and cites numerous instances where she was prescribed oral medications also. (Reply 1-2). She argues that although Nurse-Practitioner Moran stated in December 2010 that Plaintiff's skin was intact with no rashes or bruises, it was in a "quick clinic," and she was fully dressed and did not reveal her skin lesions. Id. at 2-3.

Plaintiff argues that the prescriptions support Dr. Davis's opinion, and she repeats her argument that the reconsideration notice found her condition severe and debilitating in June 2013, before her date last insured of September 30, 2013. Id. at 3-4. She points out that after the reconsideration notice, she submitted additional medical records from Dr. Bernhardt, Dr. Burton, and Dr. Brown as discussed in her complaint. Id. at 4.

Plaintiff objects to the Commissioner's reliance on her daily activities, and explains why, in her view, those activities should not be relied upon. (Reply 5). She also objects to the Commissioner's Brief's alleged reliance on the fact that she was able to care for children, arguing she does "not have children, nor did I ever have children and am not caring for any children." Id. (citing Comm'r Br. 6). On February 15, 2017,

6

Plaintiff filed an addendum to her Reply Brief. (Doc. 13) (hereinafter Reply Add.). Plaintiff attached a treatment note from Dr. Wald dated January 26, 2017 to her addendum and argues based on that note that she has decreased lung function caused by asthma, and continues to have lesions of <u>lichen planus,</u> not <u>lichen simplex chronicus</u> as found by the ALJ. (Reply Add. 1-2) (Doc. 13, Attach. 1).

As a preliminary matter, the court notes, and Plaintiff agrees, that her date last insured was September 30, 2013. (R. 16); (Pl. Br. 5). Therefore, the relevant time period for which Plaintiff might be found eligible for DIB is between her alleged disability onset date, August 30, 2005, and her date last insured, September 30, 2013. Evidence from outside that period is relevant only to the extent that it demonstrates disability within the period. Moreover, the court's review is limited to the transcript of the record before the Social Security Administration. 42 U.S.C. § 405(g) (sentence four). If evidence not in the transcript of the record comes to light, sentence six of the statute provides that the court may order the Commissioner to take the additional evidence, "but only upon a showing that" the evidence is new and material, and that there is good cause for the failure to place the evidence in the record in the proceedings before the Commissioner. <u>Id.</u> at sentence six. Dr. Wald's 2017 treatment note is not a part of the administrative record in this case, and may not be considered by the court to determine whether Plaintiff was disabled during the relevant time period. Plaintiff does not ask the court to remand for the Commissioner to consider that treatment note and adjust her decision accordingly. Moreover, the treatment note does not qualify to justify such a remand, if sought.

Clearly, the treatment note is new evidence, and because it was not in existence at the time of the relevant period there is good cause for the failure to include it in the record. However, although the note reveals that Plaintiff is diagnosed with lichen planus, asthma, and shortness of breath, there is nothing in the note to suggest that these conditions existed during the time relevant here, and if so, that during that time they were "severe" within the meaning of the Act. The court may not consider this treatment note in its review of the Commissioner's decision, nor may it remand for the Commissioner to consider the treatment note.

### A. Social Security Notice of Reconsideration

Plaintiff notes that the notice of reconsideration was dated June 14, 2013, before her date last insured, and that it stated:

> The medical evidence shows you currently have a severe condition that causes pain and limitation, however, there is not sufficient evidence prior to the date you were last insured for benefits that show the severity of your condition, nor the frequency of flare-ups. Additionally, there is no evidence available detailing a back or hip impairment. We have determined that your overall medical condition did not limit your ability to work through 9/30/2012, the date you were last insured for disability benefits.

(R. 88). Plaintiff points out that the date last insured stated in the notice of reconsideration was incorrect and was corrected by the ALJ. (Pl. Br. 5). She notes that the notice of reconsideration stated she had a severe condition at that time--before September 30, 2013. Id. 5-6. Based upon this notice, she argues either that the ALJ was required by the agency's prior finding to find that her condition was severe before her date last insured, or that the notice demonstrates that her condition was severe before her

date last insured and the ALJ erred in finding otherwise. In either case, Plaintiff's argument fails.

First, the statements in the notice of reconsideration are not binding on the ALJ. Plaintiff appealed from the reconsideration determination and requested a hearing. The disability hearing before the ALJ constitutes a <u>de novo</u> consideration of all issues presented, and the decision of the ALJ is the final decision of the Commissioner. Therefore the question for the court's review is whether the ALJ applied the correct legal standard in her consideration, and whether the record evidence supports her decision, not the notice of reconsideration.

Relatedly, although the notice of reconsideration states what appears to be an opinion that Plaintiff's condition is severe within the meaning of the Act, that notice is unsigned and does not state whose opinion, if any, is being conveyed. Therefore that opinion (if such it was) properly carried very little weight with the ALJ. Moreover, the doctors who completed the Reconsideration Disability Determination Explanation opined that there was "insufficient evidence to assess the severity of the cl[ai]m[an]t's condition or her function prior to DLI." (R. 79); <u>see also</u> (R. 80) ("There is insufficient evidence to evaluate the claim."). The notice of reconsideration does not require remand.

**B.      Consideration of Lay Witness Statements or Testimony**

The ALJ specifically considered and discussed the opinions of Ms. Ghilino, Ms. Thornton, Mr. Colwell, Ms. Burns, and Plaintiff's sister. (R. 22-23). She accorded those opinions little weight because they were dependent on Plaintiff's subjective complaints

which the ALJ found not fully credible, and because as lay observers they did not determine if the behaviors they observed were medically compelled. (R. 23). Plaintiff does not demonstrate error in the ALJ's finding, but merely asserts that they were credible witnesses who had opportunity to observe and converse with Plaintiff regularly. The reasons given by the ALJ are supported by the record evidence, and more is not required.

### C. Dr. Davis's Opinion

The ALJ discussed the opinion letter provided by Dr. Davis in April 2013, noting that he stated he had treated Plaintiff from 2006 to 2011, and he opined that Plaintiff had a debilitating autoimmune complex and was completely disabled over seven years from 2006 till 2013. (R. 22) (citing Exs. 8F, 14F (R. 606, 622)). The ALJ accorded little weight to Dr. Davis's opinion because it was not supported by record evidence, the record contained no evidence of a debilitating autoimmune complex, Dr. Davis provided no treatment records regarding Plaintiff, Dr. Davis's office indicated they had no records for Plaintiff, and the issue of disability is an administrative determination reserved to the Commissioner. (R. 22).

Each of these findings made by the ALJ are supported by the record evidence, and Plaintiff does not argue otherwise. The fact that Dr. Davis supported Plaintiff's application for benefits with an opinion letter means little since there is no record evidence upon which the opinion is based, or otherwise supporting the opinion during the relevant time period.

### D. Step Two Finding

The ALJ found in her step two analysis that Plaintiff has not shown that she had an impairment or combination of impairments that was "severe" within the meaning of the Act during the relevant period before her date last insured. (R. 19). The court finds that the ALJ applied the correct legal standard at step two of her analysis and that the record evidence supports her finding.

An impairment is not considered severe if it does not significantly limit a claimant's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521. The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, Plaintiff must make only a "de minimis" showing. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d 748, 751 (10th Cir. 1988). However, she must show more than the mere presence of a condition or ailment. Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)). If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent her from engaging in substantial work activity and will not be considered severe. Hinkle, 132 F.3d at 1352.

The determination at step two is based on medical factors alone, and not vocational factors such as age, education, or work experience. Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003). A claimant must provide medical evidence that she had an impairment and how severe it was during the time the she alleges she was disabled. 20 C.F.R. § 404.1512(c).

The ALJ applied this standard and determined that Plaintiff has not shown that during the relevant period her impairments had more than a minimal effect on her ability to perform basic work activities; walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. (R. 19) (citing Soc. Sec. Ruling (SSR) 85-28). Plaintiff does not point to evidence that during the relevant period she was more than minimally limited in any of these basic work activities. Plaintiff points to the fact that she was taking various oral and topical medications during the relevant period, but there is no record evidence that these medications limited any of the basic work activities. She points to lesions, but again does not show record evidence that these lesions had more than a minimal effect on her ability to perform any specific basic work activity.

In her Reply Brief, Plaintiff acknowledged that she performed daily activities tending to suggest greater abilities than suggested by her Brief, but argued that those activities were more limited than recognized by the Commissioner. (Reply 5-6). The

limitations suggested in Plaintiff Reply Brief however, are an after-the-fact justification, and are not present in the administrative record. The function report Plaintiff prepared in January 2013 and provided to the Social Security Administration records each of the activities relied upon in the Commissioner's Brief, and does not present the limitations Plaintiff now asserts on those activities. (R. 331-40). Plaintiff objects to the Commissioner's alleged suggestion that she was able to care for children (Reply 5), but Plaintiff misunderstands the Commissioner's Brief. (Comm'r Br. 6). In her Brief, the Commissioner listed Plaintiff's daily activities tending to suggest that her impairments are not severe, and then cited <u>Wilson</u>, 602 F.3d at 1142, for the proposition that it is appropriate for an ALJ to rely upon a claimant's daily activities which do not indicate significant limitations. <u>Id.</u> at 6. In her citation, the Commissioner noted that the claimant, in <u>Wilson</u>, "could care for her home and her children, and also drive, shop, handle finances, and visit friends." <u>Id.</u>

    Plaintiff also cites to record evidence in October, 2013 and later, including records from Dr. Bernhardt, Dr. Burton, and Dr. Brown, which she argues shows that her impairments in combination are "severe" within the meaning of the Act. However, that evidence is outside the relevant period of this case, and the ALJ explained that it did not show that Plaintiff's impairments were severe within the relevant period. Plaintiff has shown no error in the decision at issue. She has shown, at most, the mere presence of conditions or ailments.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 14th day of August 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum
United States District Judge**